918 F.2d 185
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
George A. MURRAY, Plaintiff-Appellant,
v.
THE UNITED STATES, Defendant-Appellee.
 No. 90-5068.
 United States Court of Appeals, Federal Circuit.
 Oct. 2, 1990.
 
 Before ARCHER, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 George Murray, appearing pro se, appeals the dismissal by the United States Claims Court, No. 90-173T (February 23, 1990), of his suit for refund of federal income tax, penalties and interest. We reverse and remand.
 
 OPINION
 
 2
 Murray filed his complaint on February 22, 1990 in the Claims Court, seeking a refund of $6,571 of tax, penalties and interest with respect to his 1985 federal income tax return. The Claims Court, sua sponte, dismissed Murray's complaint. It concluded that, under the rule of Flora v. United States, 362 U.S. 145, 146 (1960), no subject matter jurisdiction existed because Murray had failed to pay the entire amount assessed as his 1985 tax liability.
 
 
 3
 In his original complaints Murray alleged payment of all taxes for 1985, stating "taxes were paid on the allegations of the IRS to be due and owing together with interest and penalties on the 1985" tax return, which was "considered and examined by the IRS." (Emphasis added.) Murray further alleged that "the IRS would set forth various figures for settlement of the alleged claim, then after receiving an agreed settlement would repeatedly come back on to the complainant for more money on the one and the same claim." Thus, Murray has alleged facts which would fulfill the Flora jurisdictional requirement.
 
 
 4
 The Claims Court grounded its dismissal on a letter attached to the complaint from the IRS to Murray, dated November 23, 1989, approximately three months prior to the filing of the complaint on February 22, 1990. That letter stated that "the remaining balance of [Murray's] 1985 income tax account is $1,460.18." On reconsideration, the Claims Court was presented with a letter to Murray from his attorney dated December 18, 1989 and Murray's check dated December 30, 1989 in the amount of $768.34, payable to the IRS. The letter indicates that the IRS had agreed to a waiver of the penalties and that if Murray paid the IRS before January 5, 1990, the amount he would owe as interest would be $768.34.
 
 
 5
 When considering dismissal for lack of subject matter jurisdiction, factual allegations in the complaint must be taken as true and all reasonable inferences drawn in favor of the party whose suit would be dismissed. Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 747 (Fed.Cir.1988). Applying this standard, we must conclude that the Claims Court erred in dismissing Murray's complaint. He alleged that all taxes, penalties and interest had been paid for 1985 in his complaint. The fact that he may have owed an outstanding balance three months earlier in November 1989 does not establish that it was still unpaid at the time the complaint was filed. Moreover, the attorney's letter and check submitted to the court in connection with Murray's request for reconsideration tends to confirm full payment for 1985 in that an additional amount was paid in December 1989 and penalties were apparently waived by the IRS in that same month. Thus, the additional evidence seems to support the allegation of full payment in Murray's complaint.
 
 
 6
 Accordingly, we reverse the Claims Court's dismissal of Murray's complaint and remand[1] for a determination of whether or not Murray had fully paid his assessment for 1985 at the time of filing his complaint, and for such further proceedings as may be required.
 
 COSTS
 
 7
 Each party shall bear its own costs.
 
 
 
 [1]
 Since it is necessary to remand, we do not reach the government's alternative argument that Murray's suit was prematurely filed. This argument may be considered by the Claims Court on remand, assuming that the jurisdictional requirement of full payment is determined in Murray's favor